| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

| | |
|---|---|
| The Bank of New York Mellon, fka The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-12CB, Mortgage Pass-through Certificates, Series 2006-12CB,<br><br>Plaintiff<br>v.<br><br>Heritage Square South Homeowners' Association, Inc., et al.,<br><br>Defendants | Case No.: 2:17-cv-02381-JAD-CWH<br><br>**Order Denying Motion to Dismiss without Prejudice**<br><br>[ECF No. 13] |

This is one of hundreds of cases in this district that challenges the effect of a non-judicial foreclosure sale by a homeowners' association (HOA) on the mortgagee's deed of trust. Nevada law gives HOAs a superpriority lien on a home when the homeowner fails to pay certain HOA assessments.[1] Proper foreclosure of that lien extinguishes the first trust deed.[2] In this case, the Bank of New York Mellon sues for a declaration that its first trust deed on Betty Smith's home wasn't wiped out by the Heritage Square South HOA's 2014 foreclosure sale to the Jayem Family LP.[3] It alleges that it tried to stop the

---

[1] Nev. Rev. Stat. § 116.3116(2).

[2] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014), holding modified by *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg*, 388 P.3d 970 (Nev. 2017).

[3] ECF No. 1.

foreclosure sale by tendering the full superpriority lien balance, but because the superpriority portion of the account was just part of the full balance owed, the HOA rejected it.[4]

The HOA moves to dismiss the bank's claims.[5] It argues, among other things, that Nevada law did not require it to accept the bank's tender of less than the total account balance.[6] But last week in *Bank of America v. SFR Investments Pool 1, LLC*,[7] the Nevada Supreme Court rejected this notion. It held that a foreclosure sale after a valid tender of the superpriority portion of the HOA's lien is void "as to the superpriority portion," and the purchaser takes the property "subject to" the deed of trust.[8]

In its response to the HOA's motion to dismiss,[9] the bank relies heavily on *Bourne Valley Court Trust v. Wells Fargo Bank.*,[10] in which the Ninth Circuit held that Nevada's HOA-foreclosure scheme (before it was amended in 2015) was unconstitutional on its face because it did not require HOAs to give notice of the impending foreclosure sale to first-trust-deed holders. The linchpin of that holding is the panel's interpretation of Chapter 116's notice requirements: it found that the statute's scheme was an opt-in one

---

[4] *Id.* at ¶ 30.
[5] ECF No. 13.
[6] *Id.* at 12.
[7] *Bank of America v. SFR Investments Pool 1, LLC* ,134 Nev. Adv. Op. 72 (Nev. Sept. 13, 2018).
[8] *Id.* at p. 14.
[9] ECF No. 26 at 2, 5–7.
[10] *Bourne Valley Court Trust v. Wells Fargo Bank.*, 832 F.3d 1154 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017).

2

that required notice of the foreclosure "only if the lender had affirmatively requested notice."[11] In doing so, it expressly rejected the interpretation that NRS Chapter 116 incorporates the notice rules from NRS 107.090 so foreclosing HOAs were, in fact, "required to provide notice to mortgage lenders even absent a request."[12] But in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*,[13] the Nevada Supreme Court called out the *Bourne Valley* panel's interpretation of this state statute as error:

> [W]e decline to follow the majority holding in *Bourne Valley*. NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090 and, to the extent NRS Chapter 116 was ambiguous in this regard, legislative history and the principles of statutory construction support this conclusion.[14]

This new construction by Nevada's highest court renders *Bourne Valley*'s contrary interpretation (and its conclusions founded upon that contrary interpretation) no longer binding on this court.[15]

Because these recent Nevada Supreme Court opinions have changed the landscape of HOA-foreclosure claims, the parties' briefing on the HOA's motion to dismiss is no longer reliable. Accordingly, in the interest of judicial economy and to ensure that the

---

[11] *Bourne Valley*, 832 F.3d at 1159.

[12] *Id.*

[13] *SFR Investments Pool 1, LLC v. Bank of New York Mellon (BONY)*, 422 P.3d 1248 (Aug. 2, 2018).

[14] *SFR v. BONY*, 422 P.3d at 1253 (internal citation omitted).

[15] *Owen by & through Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit interpretation of a state law is "only binding in the absence of any subsequent indication from the [state] courts that [its] interpretation was incorrect").

parties have a full and fair opportunity to argue their positions under the most up-to-date standards,

IT IS HEREBY ORDERED that the HOA's motion to dismiss **[ECF No. 13] is DENIED without prejudice to its refiling no later than October 15, 2018**.

IT IS FURTHER ORDERED that, **before the HOA may file that revised motion, counsel must meet and confer** as defined by Local Rule IA 1-3(f) about each argument contained in the revised motion. **The new motion to dismiss must be accompanied by a declaration** by movant's counsel that sets forth the details and results of the meet-and-confer conference and that certifies that, despite good faith efforts, the issues could not be resolved. If a new motion is filed, briefing will proceed under the schedule prescribed by Local Rule 7-2.

Dated: September 17, 2018

_____
U.S. District Judge Jennifer A. Dorsey